IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHASE PEDEN, et al.,

    Plaintiffs,

      v.

CAROLE STEPHENS, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:18-CV-5861-TWT

**OPINION AND ORDER**

This is a Section 1983 action. It is before the Court on the Plaintiffs Chase and Marjorie Peden's Motion to Set Aside Judgment and Enter Partial Final Judgment [Doc. 230]. For the reasons set forth below, the Plaintiffs' Motion to Set Aside Judgment and Enter Partial Final Judgment [Doc. 230] is GRANTED in part and DENIED in part.

**I.   Background**

This case has a long and tumultuous procedural history, including two trips to the Eleventh Circuit. Beginning with the Complaint, the Plaintiffs asserted a total of six causes of action: (1) violations of 42 U.S.C. § 1983, against Defendants Glenn Stephens and Solis (Count I); (2) violations of 42 U.S.C. § 1983, against Defendants Glenn Stephens and Porter (Count II); (3) violations of 42 U.S.C. § 1985, against Defendants Glenn Stephens, Conway, and Solis (Count III); (4) violations of 42 U.S.C. § 1985, against Defendants Glenn Stephens and Porter (Count IV); (5) defamation, against

Defendants Carole Stephens, Glenn Stephens, Conway, Solis, and John Doe (Count V); and (6) intentional infliction of emotional distress, against all Defendants (Count VI). (First Am. Compl. [Doc. 9]). Defendant Porter moved to dismiss the claims against him early on, and that motion was granted. [Doc. 111]. Thereafter, Defendants Conway, Glenn Stephens, and Solis ("the County Defendants") moved for summary judgment on all claims against them. [Docs. 127, 128, 129]. These motions were granted, resolving Counts I, II, V, and VI as to the County Defendants. [Doc. 178]. Importantly, as the Court noted in its order granting the County Defendants' Motions for Summary Judgment, the Plaintiffs stated their intent to "voluntarily withdraw[]" Counts III and IV in their response in opposition to the Motions for Summary Judgment, and the Court accepted that withdrawal. [*Id.* at 11].

Defendant Carole Stephens then moved for summary judgment on all claims against her. [Doc. 164]. The Court granted her Motion for Summary Judgment in part, as to Count VI, but denied it as to Count V. [Doc. 187]. Just before ruling on that Motion, however, the Court entered a judgment under Rule 54(b) of the Federal Rules of Civil Procedure as to the County Defendants for Counts I, II, V, and VI, certifying that there was no just reason for delay and that all of the claims against the County Defendants were resolved. [Doc. 184]. That judgment also noted that the claims in Counts III and IV had been withdrawn by the Plaintiffs. [*Id.*]. The Plaintiffs filed a notice of appeal as to

2

that first judgment. [Doc. 189].

The Eleventh Circuit dismissed the first appeal for lack of jurisdiction and sent the parties back to this Court. In its opinion, the Eleventh Circuit held that this Court's certification for immediate appeal under Rule 54(b) had been improper and, most relevant to the present motion, suggested that the Plaintiffs' purported voluntary withdrawal of Counts III and IV had not been effective to dismiss and resolve those claims. [Doc. 199-1 at 6, 11-14 (noting that the Plaintiffs had "not request[ed] or receiv[ed] permission to amend the pleadings to remove the withdrawn counts from the Complaint [under] Fed. R. Civ. P. 15(a)(2).")]. This Court then set this matter for trial as to Count V. [Doc. 202].

Shortly thereafter, on January 16, 2023, the Plaintiffs filed a notice of settlement as to Count V against Defendant Carole Stephens. [Doc. 212]. In the notice, the Plaintiffs requested 14 days to execute settlement documents and "to file a dismissal of the sole remaining claim for defamation between these Parties in this litigation." [*Id.*] The Court entered an order administratively closing the case and granting the Plaintiffs 14 days to file the appropriate dismissal documents. [213]. Upon entry of the administrative closure order, a clerk's judgment was erroneously entered in the case, prompting the County Defendants to move to set the judgment aside. [Docs. 214, 217]. In that motion, the County Defendants noted the Eleventh Circuit's

3

concern with the voluntary withdrawal of Counts III and IV and expressed the parties' intent to file a stipulation of dismissal as to those counts prior to the entry of judgment. [Doc. 217 ¶¶ 4-5]. The Court granted the motion and set aside the second judgment on February 1, 2023. [Doc. 218]. The Plaintiffs failed to file dismissal documents as to Count V as ordered, but on February 2, 2023, the parties filed a "Consent and Stipulation Regarding Dismissal with Prejudice" as to Counts III and IV. [Doc. 219]. The stipulation made clear that the parties consented to the Plaintiffs amending their Complaint to omit Counts III and IV under Rule 15(a)(2). [*Id.* at 1 & ¶¶4-5]. The stipulation was approved only by the clerk, not by the Court, and a judgment was again entered. [Doc. 220].

The Plaintiffs again appealed. [Doc. 222]. This time, in response to a jurisdictional question issued by the Eleventh Circuit, the Plaintiffs filed a "Notice of Stipulated Dismissal," purportedly under Eleventh Circuit Rule 42-1, which was then refiled as a motion at the direction of the Eleventh Circuit Clerk of Court. *Peden v. Stephens, et al.*, CM/ECF for the 11th Cir., No. 23-10584, Docs. 22-24. The Eleventh Circuit granted the motion and dismissed the appeal on May 18, 2023. [Doc. 228]. On October 12, 2023, nearly five months later, the Plaintiffs filed the Motion to Set Aside Judgment that is presently before the Court. [Doc. 230].

4

## II. Legal Standards

After final judgment is entered, a plaintiff seeking to amend the complaint must first move for relief from the judgment under Rule 59(e) or 60(b). *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) ("Fed. R. Civ. P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant. . . . Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." (citations omitted)). Within twenty-eight days of entry of final judgment, an aggrieved party can move to alter or amend a judgment under Rule 59(e) in light of newly-discovered evidence or to correct manifest errors of law or fact. Fed. R. Civ. P. 59(e); *Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 972 (11th Cir. 2016) (citing *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). A party can move for relief from judgment under Rule 60(b)(6) upon a showing that "extreme" or "unexpected" hardship will result absent such relief. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted). Even then, the decision to grant such relief "is a matter for the district court's sound discretion." *Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013). If the motion is brought under subsections (4), (5), or (6) of Rule 60(b), the motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c).

Rule 41 of the Federal Rules of Civil Procedure permits the voluntary dismissal of an action by the plaintiff either: (1) without a court order by filing a stipulation of dismissal signed by all parties who have appeared, or (2) with a court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a). The Eleventh Circuit has clarified that only an entire action—and importantly, not individual claims—may be dismissed under this rule. *See, e.g.*, *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023). Nor can a voluntary dismissal under Rule 41 be used to turn an earlier non-final order into a final, appealable decision. *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265-66 (11th Cir. 1999).

One way to ensure a final judgment is rendered in cases where a plaintiff wishes to withdraw a claim or the parties settle some claims but not others, therefore, is for the plaintiff to move for leave to amend his complaint under Rule 15 to omit the resolved claims. *See Rosell*, 67 F.4th at 1144; *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("There are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious is to seek and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15."). A Rule 15 amendment can be effectuated by an order conforming the complaint to the terms of said order. *See Silver Comet Terminal Partners, LLC v. Paulding Cnty. Airport Auth.*, 2023 WL 2988443, at *9-10 (11th Cir. Apr. 18, 2023).

However, in order for the amendment to result in a final, appealable order, the plaintiff must request—or the Court's order must reflect—that the amendment is intended to result in a dismissal *with* prejudice. *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1. (11th Cir. 2010).

### III.   Discussion

In their Motion, the Plaintiffs first request the entry of another immediate appeal certification under Rule 54(b). (Pls.' Mot. to Set Aside, at 5-6). They assert that doing so will also "solve the problem" of the failed dismissal attempt as to Counts III and IV, as the Court can then simply dismiss the remainder of the action under Rule 41(a) after first certifying the summary judgment order as to the County Defendants for immediate appeal. (*Id.* at 5 n.2 & 3). As to the now-settled Count V defamation claim against Carole Stephens, the Plaintiffs argue that the Court should either allow them to amend their complaint to omit that claim or dismiss it with Counts III and IV under Rule 41(a) after their requested Rule 54(b) certification is entered. (*Id.* at 7-8). However, the Plaintiffs contend, they do not wish to pursue amending their complaint due to a concern that they will be without an appellate remedy "due to the time elapsed since that judgment [was entered]." (*Id.* at 8).

The County Defendants argue in response that the Plaintiffs' decisions and procedural missteps led to the present issues that the Plaintiffs now

7

complain about.[1] (Cnty Defs.' Resp. in Opp. to Mot. to Set Aside, at 4). They argue that the Plaintiffs also failed to timely act to set aside the judgment and instead chose to appeal for a second time, but now ask the Court to "gloss over their delay and errors[.]" (*Id.* at 4-5). The County Defendants contend that the Plaintiffs' Motion is untimely under Rule 59(e) and that they have not shown any compelling justification supporting relief under Rule 60(b), either. (*Id.* at 5-6). They assert that the Plaintiffs' 238-day delay in filing the instant Motion does not constitute "a reasonable time" as is required under Rule 60(c). (*Id.* at 6-7). Finally, the County Defendants argue that the stipulated dismissal of Counts III and IV was proper under Rule 15(a) and, therefore, the most recent judgment was properly entered after the stipulation was entered. (*Id.* at 7-8).

The Court begins to untangle the procedural knot-tying leading to the present motion by addressing the propriety of vacating the judgment entered on February 13, 2023—the most recent judgment—under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. In doing so, the Court notes that the Plaintiffs have failed to present argument under either rule; nonetheless, these rules are the only possible avenues for seeking vacatur of a judgment. The Plaintiffs' request is untimely by nearly seven months under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring a motion to amend a judgment to be filed "no later

---

[1] Defendant Carole Stephens does not oppose the Plaintiffs' Motion to Set Aside. (Pls.' Mot. to Set Aside, at 1).

8

than 28 days after the entry of the judgment."). The only potential subsection of Rule 60(b) that could apply to the Plaintiffs' request is (b)(6), which allows the Court to relieve a party from its final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Assuming the Plaintiffs intended to seek relief under Rule 60(b)(6), the Court is loath to find that the present Motion, having been brought nearly five months after the Eleventh Circuit dismissed the most recent appeal and seven months after entry of the most recent judgment, was brought "within a reasonable time." *Id.*

Nonetheless, the Court will exercise its discretion to grant the Plaintiffs' request to vacate the most recent judgment, as it is apparent that that judgment was not "final" within the meaning of Eleventh Circuit jurisprudence, for a few reasons. On that basis, it is unclear if the constraints of Rule 60(b)(6) are applicable since the text of the rule states that it permits the Court to "relieve a party . . . from a final judgment." Fed. R. Civ. P. 60(b). But given that the Court sees no other alternative to clearing the procedural roadblocks created by the Plaintiffs on their path to appealing the substantive decisions in this case, the Court will presume that Rule 60(b)(6) is applicable and finds that the Plaintiffs will suffer an "extreme" hardship if the judgment is not vacated in that they will remain unable to perfect an appeal to the Eleventh Circuit. *See Griffin*, 722 F.2d at 680. Additionally, the circumvention of the Plaintiffs' appellate rights if the judgment is not vacated constitutes an

9

exceptional circumstance warranting relief under Rule 60(b)(6). *Id.*

With the judgment vacated, the Court will address the disposition of the claims in chronological order, beginning with the County Defendants' Motions for Summary Judgment. In granting those motions, Counts I, II, V, and VI were resolved as to the County Defendants. [Doc. 178]. Then, the Court resolved Count IV as to Defendant Carole Stephens in its Order on her Motion for Summary Judgment. [Doc. 187]. That left unresolved Counts III and IV, and Count V only as to Defendant Carole Stephens. Next, a review of the parties' "Consent and Stipulation Regarding Dismissal with Prejudice" as to Counts III and IV reveals that the parties intended for the Plaintiffs to amend their complaint, with the Defendants' consent, to drop Counts III and IV under Rule 15. [Doc. 219 at 1 & ¶¶ 4-5]. Due to the styling of the document as a stipulation rather than as a motion, the stipulation was not submitted to the Court for a ruling, although it does not appear that one was required under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2) (stating that "a party may amend its pleading only with the opposing party's consent *or* the court's leave" (emphasis added)). To the extent the Court's permission was required, however, the Court will construe the "Consent and Stipulation Regarding Dismissal with Prejudice," [Doc. 219], to be a Consent Motion for leave to amend the First Amended Complaint to omit Counts III and IV, which will be granted. This Order shall effectuate an amendment to the First Amended Complaint

10

omitting Counts III and IV upon its filing, and the Plaintiffs shall not be required to docket a Second Amended Complaint in order to conform the pleadings to the directives of this Order. *See Silver Comet Term. Partners, LLC*, 2023 WL 2988443, at *9-10 (11th Cir. Apr. 18, 2023). This dismissal of Counts III and IV shall be with prejudice. *Campbell*, 605 F.3d at 841 n.1; [Doc. 219 ¶ 5 (requesting dismissal with prejudice)].

As to Count V against Defendant Carole Stephens, the Court is again reluctant to help the Plaintiffs out of the procedural hole they have dug themselves into by failing to file dismissal documents as previously ordered. [*See* Doc. 213]. Had they done so, the present motion would arguably not have been required, assuming the parties' stipulated amendment as to Counts III and IV was effective without a ruling from this Court. Nor have the Plaintiffs attempted to explain why dismissal documents were not filed as to Count V before the most recent judgment was entered. Even so, justice requires the entry of a valid final judgment. The Court pauses here to first address the Plaintiffs' statement that they "do not wish to amend [their complaint] and then find themselves without an appellate remedy due to the time elapsed since [the most recent] judgment." (Pls.' Mot. to Set Aside, at 8). The Plaintiffs have asked the Court to vacate that judgment, remedy their errors, and issue a new judgment. Therefore, no timeliness issue should inure solely from the amendment of the First Amended Complaint to omit Count V as to Carole

11

Stephens. And as the Eleventh Circuit has repeatedly emphasized, amendment under Rule 15(a)(2) is the proper remedy for this type of procedural snare, not the Rule 41(a) dismissal that the Plaintiffs seek. *See, e.g.*, *Perry*, 891 F.3d at 958.

With that in mind, the Court will grant the Plaintiffs leave to amend their First Amended Complaint under Rule 15(a)(2) to omit Count V as to Carole Stephens over the County Defendants' objection. The Court finds that justice requires the amendment so that a final judgment fully resolving this case may issue. Accordingly, this Order shall effectuate an amendment to the First Amended Complaint omitting Count V as to Defendant Carole Stephens upon its filing, and the Plaintiffs shall not be required to docket a Second Amended Complaint in order to conform the pleadings to the directives of this Order. *See Silver Comet Term. Partners, LLC*, 2023 WL 2988443, at *9-10 (11th Cir. Apr. 18, 2023). This dismissal of Count V as to Defendant Carole Stephens shall be with prejudice. *Campbell*, 605 F.3d at 841 n.1. With all claims now disposed of and resolved, the Plaintiffs' request for Rule 54(b) certification will be denied as unnecessary.

## IV. Conclusion

For the foregoing reasons, the Plaintiffs Chase and Marjorie Peden's Motion to Set Aside Judgment and Enter Partial Final Judgment [Doc. 230] is GRANTED as to the Plaintiffs' request to vacate the judgment, [Doc. 220], that

was docketed February 13, 2023. It is DENIED as to all other specific relief requested. The Parties' "Consent and Stipulation Regarding Dismissal with Prejudice," [Doc. 219], is hereby construed as a Consent Motion for leave to amend the First Amended Complaint to omit Counts III and IV under Rule 15(a)(2), which is GRANTED. The Plaintiffs are further GRANTED leave to amend their First Amended Complaint to omit Count V as to Defendant Carole Stephens under Rule 15(a)(2). These amendments shall be deemed effective upon the docketing of this Order without further action by the Plaintiffs; accordingly, Counts III and IV, and Count V as to Defendant Carole Stephens, are DISMISSED with prejudice. The Clerk is DIRECTED to enter final judgment in favor of the Defendants, and to close the case.

SO ORDERED, this  18th  day of December, 2023.

　　　　　　　　　　　　　　　　　　/s/ Thomas W. Thrash
　　　　　　　　　　　　　　　　　　THOMAS W. THRASH, JR.
　　　　　　　　　　　　　　　　　　United States District Judge